## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 1 4 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

### WASHINGTON YKJ WINDSOR,

Plaintiff,

v.

### AGN GLASS, LLC d/b/a AUTO GLASS NOW;

### DRIVEN BRANDS HOLDINGS INC.;

**MIRACLE MYRICK,** Store Manager of Auto Glass Now #331;

**OFFICER A. THOMAS,** in her individual and official capacities;

### CITY OF SNELLVILLE, GEORGIA;

and **JOHN/JANE DOES 1–5,**

Defendants.

1 : 2 5 -CV- 5 8 4 5

Civil Action No. _____

## COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

# TABLE OF CONTENTS

| Section | Title | Page |
|---------|-------|------|
| I. | Preliminary Statement | 6 |
| II. | Jurisdiction and Venue | 7 |
| III. | Parties | 9 |
| A. | Plaintiff | |
| B. | Corporate Defendants | |
| C. | Individual Defendants | |
| D. | Confidential Defendants | |
| E. | Joint and Several Liability | |
| IV. | Statement of Facts | |
| A. | The Transaction and Unauthorized Work | |
| B. | Unlawful Detention and Coercion (Aug. 8–11 2025) | |
| C. | False Reporting and Threat of Criminal Escalation (Aug. 12 2025) | |
| D. | Protected Complaint to the Georgia Attorney General | |
| E. | Retaliatory Warrant Application and False Affidavit | |
| F. | Federal and State Administrative Oversight | |
| G. | Resulting Harm | |
| V. | Causes of Action | 20 |
| Count I | False Imprisonment | |
| Count II | Theft by Extortion and Abuse of Process | |
| Count III | Deceptive and Unfair Trade Practices | |
| Count IV | Retaliation Against a Protected State Complainant | |
| Count V | Malicious Prosecution and Violation of Due Process | |
| Count VI | Federal Civil Rights Violations Under Color of Law | |
| VI. | Prayer for Relief | 26 |
| VII. | Damages and Relief Sought | 28 |
| VIII. | Demand for Jury Trial | 30 |
| | Exhibits(1-3) | 31-42 |

# TABLE OF AUTHORITIES

## Federal Statutes and Constitutional Provisions

- U.S. Const. art. VI – Supremacy Clause

- U.S. Const. amend. I – Right to Petition Government

- U.S. Const. amend. IV – Unreasonable Seizure

- U.S. Const. amend. V – Due Process

- U.S. Const. amend. VII – Jury Trial Right

- U.S. Const. amend. XIV – Due Process and Equal Protection

- 15 U.S.C. § 45(a) – Federal Trade Commission Act

- 18 U.S.C. § 1951 – Hobbs Act (Extortion Under Color of Right)

- 18 U.S.C. § 1962(c) – Racketeer Influenced and Corrupt Organizations Act

- 18 U.S.C. § 1964(c) – Civil RICO Remedy

- 28 U.S.C. §§ 1331, 1332, 1343, 1367, 1391, 2201–2202 – Federal Jurisdiction and Declaratory Relief

- 42 U.S.C. §§ 1983, 1985(3), 1988(b) – Civil Rights and Attorney-Fee Statutes

- 49 U.S.C. § 30118 – Motor Vehicle Safety Act (Calibration Requirement)

- 12 U.S.C. §§ 5531–5538 – Dodd-Frank Consumer Financial Protection Act

## Georgia Statutes

- O.C.G.A. § 10-1-393 – Georgia Fair Business Practices Act

- O.C.G.A. § 13-8-2(a)(3) – Unlawful Contractual Conditions

- O.C.G.A. § 16-5-41 – False Imprisonment

- O.C.G.A. § 16-8-3 – Theft by Deception

- O.C.G.A. § 16-8-16 – Theft by Extortion

- O.C.G.A. § 16-10-20 – False Statements

- O.C.G.A. § 16-10-26 – False Report of a Crime

- O.C.G.A. § 16-10-97 – Retaliation Against a Complainant

- O.C.G.A. § 17-4-40(a) – Warrant Affidavit Requirement

- O.C.G.A. §§ 51-7-40, 51-7-80 – Malicious Prosecution; Abuse of Process

- O.C.G.A. § 35-3-37(h) – Record Sealing and Expungement

## Federal and State Case Law

- Bearden v. Georgia, 461 U.S. 660 (1983)

- Mathews v. Eldridge, 424 U.S. 319 (1976)

- Franks v. Delaware, 438 U.S. 154 (1978)

- Monell v. Department of Social Services, 436 U.S. 658 (1978)

- Stewart v. Williams, 243 Ga. 580 (1979)

- Johnson v. State, 159 Ga. App. 497 (1981)

- Waters v. Walton, 225 Ga. App. 119 (1997)

- Blue v. State, 229 Ga. App. 867 (1997)

- Gooch v. Tudor, 296 Ga. App. 414 (2009)

- State v. Martin, 278 Ga. 418 (2004)

- Wisconsin v. Constantineau, 400 U.S. 433 (1971)

- Hernandez v. Texas, 347 U.S. 475 (1954)

- Ex parte United States, 242 U.S. 27 (1916)

## I.PRELIMINARY STATEMENT

This civil action arises from a pattern of **false reporting, retaliatory misuse of criminal process, and deprivation of constitutional rights under color of law**, all committed in connection with an **unauthorized automotive service transaction**. The Plaintiff, **Washington YKJ Windsor**—a decorated veteran, doctoral scholar in criminal justice, and nationally recognized public figure—was wrongfully targeted by a private corporation, its agents, and cooperating public officers who converted a **civil billing dispute** into a **criminal accusation**.

Through the instruments of false affidavit, extortionate demand, and retaliatory prosecution, the Defendants **abused the power of the State of Georgia** to compel payment for unperformed work, inflict reputational injury, and suppress lawful petitioning before state and federal consumer-protection agencies.

This case tests one of the oldest limits of government power: whether **private debt collection can masquerade as criminal law enforcement**. The United States Constitution, the laws of Georgia, and the statutes of Congress all answer in the negative.

The Plaintiff therefore brings this Complaint pursuant to:

- **42 U.S.C. § 1983**, for violations of the First, Fifth, and Fourteenth Amendments;

• **18 U.S.C. § 1962(c)**, for a civil pattern of racketeering activity (RICO) through fraudulent and extortionate acts;

• **15 U.S.C. § 45(a)**, prohibiting deceptive and unfair business practices; and

•. Georgia's common-law doctrines of **malicious prosecution, abuse of process, and defamation per se**.

Plaintiff seeks full compensatory and punitive damages, declaratory judgment voiding the retaliatory state process, and injunctive relief restraining further misuse of public authority.

## II. JURISDICTION AND VENUE

1. This Honorable Court possesses **original jurisdiction** over this civil action pursuant to **28 U.S.C. § 1331**, because the claims herein arise under the **Constitution and laws of the United States**, including but not limited to the **First, Fifth, and Fourteenth Amendments**, **42 U.S.C. § 1983**, the **Federal Trade Commission Act**, 15 U.S.C. § 45(a), and the **Dodd–Frank Wall Street Reform and Consumer Protection Act**, 12 U.S.C. §§ 5531–5538.

The action also invokes **supplemental jurisdiction** under **28 U.S.C. § 1367(a)** for related causes of action arising under the statutory and common law of the State of Georgia, as all claims derive from a common nucleus of operative facts.

2. Jurisdiction is further conferred by **28 U.S.C. § 1343(a)(3)–(4)**, which grants this Court authority to redress the deprivation, under color of state law, of rights,

privileges, and immunities secured by the Constitution and federal statutes providing for the protection of civil rights.

3.     This Court also retains jurisdiction pursuant to **18 U.S.C. § 1964(c)** for the civil enforcement of the **Racketeer Influenced and Corrupt Organizations Act** ("RICO"), as the Defendants' coordinated actions constitute a pattern of racketeering activity involving mail fraud, wire fraud, extortion, and retaliation in violation of **18 U.S.C. § 1962(c)** and related provisions.

4.     In addition, **diversity jurisdiction** lies under **28 U.S.C. § 1332(a)** because the amount in controversy exceeds **$75,000** exclusive of interest and costs, and because complete diversity exists: Plaintiff is a citizen of the State of Georgia, while Defendants **AGN Glass, LLC d/b/a Auto Glass Now** and **Driven Brands Holdings Inc.** are Delaware entities with principal offices in North Carolina.

5.     Venue is proper in this **Northern District of Georgia, Atlanta Division**, pursuant to **28 U.S.C. § 1391(b)**, because a substantial part of the events or omissions giving rise to the claims occurred within **Gwinnett County, Georgia**, which lies within this judicial district.

The criminal warrant that forms the subject of this action was issued by the **Magistrate Court of Gwinnett County**, and the retaliatory and extortionate communications originated from the Defendants' location in **Snellville, Georgia**, situated within this District.

6.     Personal jurisdiction is proper over all Defendants because each purposefully directed acts toward the State of Georgia that gave rise to the Plaintiff's injuries.

The corporate Defendants transact substantial business within this forum through their **Auto Glass Now** retail locations, each operating under the corporate authority of **Driven Brands, Inc.**, a publicly traded North Carolina corporation registered to do business in Georgia.

The individual Defendants, including Officer A. Thomas and Store Manager Miracle Myrick, committed the wrongful acts alleged herein within this State and within the territorial jurisdiction of this Court.

7.      Declaratory and injunctive jurisdiction are invoked pursuant to **28 U.S.C. §§ 2201–2202** and **Fed. R. Civ. P. 57**, as an actual and justiciable controversy exists regarding the unlawful invocation of criminal process to enforce a private debt and the continuing presence of a void warrant that threatens Plaintiff's constitutional rights and professional livelihood.

8.      The exercise of jurisdiction by this Court is not merely appropriate—it is essential.

The complained-of acts represent a coordinated misuse of state judicial power and interstate commerce mechanisms, thereby falling squarely within the federal question and civil rights jurisdiction entrusted to Article III courts.

To decline review would be to countenance the substitution of coercion for due process and to permit the quiet corrosion of the constitutional order.

### III. PARTIES

## A. Plaintiff

1.     **Washington Y. K. J. Windsor ("Plaintiff")** is a natural person and citizen of the United States He appears *sui juris* and prosecutes this action in his own right.

2.     Plaintiff is a **doctoral candidate (Ph.D.) in Criminal Justice at Liberty University's Helms School of Government (HSGO)** and a **graduate of the Sandra Day O'Connor College of Law (Washington, D.C. Campus)**. He is a decorated veteran of the United States Armed Forces, a recipient of federal subsistence and educational benefits under Title 38, and an internationally recognized **Ambassador for Peace** appointed by the **Universal Peace Federation (UPF)**, a nongovernmental organization holding consultative status with the United Nations Economic and Social Council (ECOSOC).

3.     Plaintiff's career and public service include scholarship and advocacy in the fields of constitutional law, criminal justice reform, and veterans' rights. His professional and academic reputation constitutes a liberty and property interest protected under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section I of the Constitution of the State of Georgia.

4.     The injuries complained of herein—including reputational defamation, emotional distress, economic loss, and deprivation of constitutional rights—arose directly from the coordinated actions of the Defendants, who used false pretenses and retaliatory criminal process to silence a consumer complaint lawfully filed with state and federal authorities.

## B. Corporate Defendants

5.      **AGN Glass, LLC d/b/a Auto Glass Now ("AGN Glass")** is a **Delaware limited liability company** registered as a foreign entity in the State of Georgia. Its Georgia registered agent is **Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092**, located in Gwinnett County. AGN Glass operates retail service centers statewide, including Store No. 331 in Snellville, Georgia—the locus of the acts giving rise to this litigation.

6.      **Driven Brands Holdings Inc. ("Driven Brands")** is a **Delaware corporation** headquartered at **440 South Church Street, Suite 700, Charlotte, North Carolina 28202**, and is the corporate parent, controlling shareholder, and operational manager of AGN Glass, LLC. Driven Brands exercises pervasive control over its subsidiaries, including the establishment of billing policies, training of store personnel, and litigation strategy. It is therefore liable under doctrines of agency, respondeat superior, and integrated-enterprise liability.

7.      AGN Glass and Driven Brands jointly and severally engaged in deceptive and coercive practices: performing unauthorized automotive-glass work without insurer approval, billing for unperformed calibration services, withholding the customer's vehicle under threat, and invoking criminal process to compel payment—all acts constituting unfair and deceptive trade practices under **15 U.S.C. § 45(a)** and **O.C.G.A. § 10-1-393**.

### C. Individual Defendants

8.      **Miracle Myrick ("Myrick")**, a resident of Georgia, is the Store
Manager of Auto Glass Now #331 in Snellville, Georgia. Acting within the course
and scope of employment for AGN Glass and Driven Brands, she personally
authored and transmitted on **August 12, 2025**, an email threatening that Auto
Glass Now would "have no choice but to escalate this matter through law
enforcement" if payment were not received within three days—language
constituting prima facie coercion and attempted extortion under **O.C.G.A. § 16-
8-16** and abuse of process under **§ 51-7-80**. She is sued in both her individual
and official capacities.

9.      **Officer A. Thomas ("Thomas")** is, upon information and belief, a
sworn law-enforcement officer employed by the **Snellville Police Department**,
Gwinnett County, Georgia. Thomas, acting under color of state law, prepared and
executed an arrest-warrant affidavit on **September 10, 2025**, without verifying
the factual accuracy of the complainant's allegations, without sworn probable-
cause testimony, and without judicial review consistent with **O.C.G.A. § 17-4-
40(a)** and the Fourth Amendment. Thomas is sued in her individual and official
capacities for reckless disregard of Plaintiff's constitutional rights.

10.     **City of Snellville, Georgia ("City of Snellville")** is a municipal
corporation organized under Georgia law and located in Gwinnett County. The
City is responsible for the policies, customs, and supervision of its police
department. By failing to investigate, train, or discipline officers who accept

unsworn commercial complaints for criminal prosecution, the City acted with

deliberate indifference to constitutional protections, rendering it liable under

**Monell v. Department of Social Services, 436 U.S. 658 (1978)**.

## D. Confidential Defendants

11.   John and Jane Does 1–5 (collectively, the "Confidential Defendants") are

individuals whose true identities are presently unknown to Plaintiff but who, upon

information and belief, participated—directly, indirectly, or through knowing

acquiescence—in the false reporting, retaliatory warrant application, or subsequent

suppression and concealment of material evidence giving rise to this action. These

persons are believed to include employees, agents, or officials acting under color of

state or corporate authority and within the scope of their employment or delegated

power.

Plaintiff shall amend this Complaint to substitute the Confidential Defendants' proper

names immediately upon identification through discovery, subpoena, or other

authorized legal process. The conduct attributed to these unnamed parties is alleged to

have materially contributed to the deprivation of Plaintiff's constitutional rights and to the

abuse of both judicial and administrative process.

**E. Joint and Several Liability**

12.     All Defendants, acting individually and in concert, engaged in a common

scheme to obtain money and silence a consumer grievance through threats, deceit,

and misuse of governmental process. Each acted under color of law or with knowing

participation in constitutional and statutory violations; each is jointly and severally

liable for the full measure of damages sustained by Plaintiff.

## IV. STATEMENT OF FACTS

**A. The Transaction and the Unauthorized Work**

1.   On or about **August 8 2025**, Plaintiff brought his insured vehicle to *Auto Glass Now*

*#331* in Snellville, Georgia, operated by **AGN Glass, LLC**, a subsidiary of **Driven Brands**

**Holdings Inc.**

Plaintiff expressly conditioned any work upon prior authorization and payment approval

from his insurer, **GEICO Glass Claims**.

Despite this explicit condition, Defendants commenced and completed a windshield

replacement without obtaining insurer consent or notifying Plaintiff that authorization had

not yet issued.

2.   The repair was materially incomplete: the **Advanced Driver Assistance System**
**(ADAS)** calibration—an essential safety step mandated under **49 U.S.C. § 30118** and
implementing federal safety standards—was never performed.

The vehicle was returned to Plaintiff displaying active malfunction warnings ("Lane
Departure Alert Malfunction," "Pre-Collision System Malfunction") directly attributable to
Defendants' omission.(Exhibit 1)

3.   By performing work absent authorization and invoicing for unperformed calibration
services, Defendants violated **O.C.G.A. § 16-8-3 (Theft by Deception)** and **15 U.S.C. §
45(a)**, constituting deceptive and unfair trade practices.

## B. Unlawful Detention and Coercion (August 8–11 2025)

4.   When Plaintiff protested the unauthorized work and requested the return of his
vehicle, Defendants unlawfully detained both **Plaintiff and the vehicle** for several hours,
refusing release until immediate payment was tendered.

This detention—unsupported by any lien, warrant, or judicial process—constitutes **false
imprisonment** under **O.C.G.A. § 16-5-41** and **the Fourth and Fourteenth Amendments**.

5.   Plaintiff was compelled, under duress, to remain on the premises while Defendants withheld his keys and threatened to "involve law enforcement" should he depart without payment.

Such threats and physical restraint were documented contemporaneously and later reported to the **Georgia Attorney General's Consumer Protection Division**.

6.   On **August 11 2025**, following hours of unlawful detention, Plaintiff was finally permitted to leave after discussions in which the store manager acknowledged the incomplete calibration and agreed to reduce the total to **$384** (comprised of the $100 deductible and the covered insurer portion).

This agreement underscores that any remaining dispute was purely **civil and contractual** in character.

## C. False Reporting and Threat of Criminal Escalation (August 12 2025)

7.   The following day, **August 12 2025**, Store Manager **Miracle Myrick** transmitted a series of emails to Plaintiff and **GEICO Glass Claims** declaring that Auto Glass Now "would have no choice but to escalate this matter through law enforcement" if payment was not received within three days.

The message further threatened to "remove and reclaim our property (the installed glass)" absent immediate payment.

8.    At the time of these communications, Defendants knew that the required calibration
had not been performed, that GEICO's insurance claim(Exhibit 2) remained pending and
pre-approved for payment, and that Plaintiff had previously satisfied his deductible
obligation by tendering a $100 Navy Federal Credit Union Cashier's Check (No.
0462536789). That payment, made prior to any warrant application, was acknowledged in
the contemporaneous insurance record. Accordingly, any assertion that Plaintiff intended
to evade payment was knowingly false and legally impossible under the elements of
O.C.G.A. § 16-8-5.

9.    This correspondence constitutes **direct evidence of coercive intent and scienter**:
Defendants used the threat of criminal prosecution to compel payment of a civil bill,
satisfying every element of **O.C.G.A. § 16-8-16 (Theft by Extortion)** and **§ 51-7-80
(Abuse of Process)**.

**D. Protected Complaint to the Georgia Attorney General (August 12 2025)**

10.    Later the same day, Plaintiff lawfully filed a consumer-protection complaint with the
**Georgia Attorney General's Consumer Protection Division**, assigned **Record ID
#426901**.

The filing alleged unauthorized service, overbilling, unlawful detention, and coercive
threats.

The Attorney General's office acknowledged receipt, thereby placing the matter within
official state regulatory jurisdiction.

11.   The complaint's acceptance constituted a **protected act of petitioning government**
under the **First Amendment** and **O.C.G.A. § 16-10-97** (prohibiting retaliation against
persons providing information to a state agency).

### E. Retaliatory Warrant Application and False Affidavit (September 10 2025)

12.   Within twenty-nine days of the AG filing, the same business, acting through Myrick,
initiated a criminal complaint alleging "theft of services."

Officer **A. Thomas** of the **Snellville Police Department** executed an arrest-warrant
affidavit stating that Plaintiff "knowingly obtained services … with intent to avoid
payment," though the officer had neither interviewed Plaintiff nor reviewed the insurer
correspondence establishing full payment.

13.   The warrant, signed by **Magistrate Judge William Brogdon** on **September 10 2025**,
issued without sworn testimony or probable cause, in violation of **O.C.G.A. § 17-4-40(a)**
and the **Fourth Amendment**.

It was predicated entirely on false information provided by the commercial complainant—
conduct criminalized under **O.C.G.A. §§ 16-10-20 and 16-10-26**.

14.    At all times material, Plaintiff's insurer claim was pending and pre-approved;
payment delay resulted from insurer processing, not deceit.

Accordingly, the mens rea element required for *theft of services* was **legally impossible**,
and the subsequent warrant was **void ab initio**.

**F. Federal and State Administrative Oversight**

15.    Upon receiving notice of the warrant, Plaintiff filed a related complaint with the
**Consumer Financial Protection Bureau ("CFPB")**, docketed as **Case ID 251008-
24803602**, classifying the issue as *Debt Collection – Threatened Arrest or Jail if No Payment*.
The CFPB's acknowledgment of jurisdiction established concurrent **federal
administrative oversight** under **12 U.S.C. §§ 5531–5538**.

16.    Together, the pending CFPB and Georgia Attorney General proceedings occupied the
full regulatory field of consumer-protection enforcement, thereby pre-empting any parallel
state criminal process under the **Supremacy Clause, U.S. Const. art. VI**.

## G. Resulting Harm

17.   The retaliatory prosecution inflicted severe reputational, emotional, and financial injury upon Plaintiff, a scholar, veteran, and public figure whose professional standing depends upon unimpeachable integrity.

The existence of an unfounded warrant caused ongoing distress, impaired employment and educational opportunities, and undermined the very principles of due process and equal protection he has long defended in his professional and academic work.

18.   Plaintiff now seeks full judicial redress for these deprivations and the vindication of constitutional guarantees ensuring that no citizen may be criminalized for asserting a lawful consumer or civil right.

### V. CAUSES OF ACTION

### COUNT I – FALSE IMPRISONMENT

*(O.C.G.A. § 16-5-41; Fourth and Fourteenth Amendments; 42 U.S.C. § 1983)*

1.   Plaintiff realleges and incorporates by reference all preceding paragraphs.

2. Between **August 8 and 11 2025**, agents of *Auto Glass Now #331*, acting under color of apparent authority and in concert with municipal law enforcement, unlawfully detained Plaintiff and withheld his vehicle without legal process or probable cause.

3. Such detention constituted an unlawful restraint of liberty, accomplished through intimidation, threat, and physical control, in violation of **O.C.G.A. § 16-5-41** and the **Fourth Amendment** as incorporated by the **Fourteenth**.

4. By acquiescing in and later ratifying that detention through the issuance of a retaliatory warrant, Officer Thomas and the City of Snellville became joint participants in a continuing seizure, actionable under **42 U.S.C. § 1983**.

5. As a proximate result, Plaintiff suffered humiliation, emotional distress, and deprivation of constitutional liberty, entitling him to compensatory and punitive damages, and to attorney-fee parity under **42 U.S.C. § 1988(b)**.

### COUNT II – THEFT BY EXTORTION AND ABUSE OF PROCESS

*(O.C.G.A. §§ 16-8-16 and 51-7-80; 18 U.S.C. § 1951 (Hobbs Act))*

6. Defendants, acting jointly, knowingly attempted to obtain money by threatening to initiate criminal process unless immediate payment was made for a disputed civil debt.

7. The August 12 2025 email declaring "we will have no choice but to escalate this matter through law enforcement" constitutes a textbook instance of **theft by extortion** under

**O.C.G.A. § 16-8-16** and "wrongful use of fear of governmental intervention" under **18 U.S.C. § 1951(b)**.

8.    By weaponizing the criminal-justice system for debt collection, Defendants used legal process "for a purpose other than that for which it was intended," meeting the elements of **abuse of process** as defined in **Stewart v. Williams, 243 Ga. 580 (1979)**.

9.    Plaintiff is entitled to actual, general, and punitive damages for this misuse of state authority and for the chilling effect such threats impose upon consumers who seek lawful redress.

## COUNT III – DECEPTIVE AND UNFAIR TRADE PRACTICES
### (15 U.S.C. § 45(a); 12 U.S.C. §§ 5531–5536; O.C.G.A. § 10-1-393)

**10.    Defendants performed unauthorized auto-glass replacement without prior insurer authorization, billed for calibration services that were never performed, and falsely represented that federally regulated safety procedures had been completed in compliance with 49 U.S.C. § 30118.**

**Exhibit 3—an email authored by Store Manager Miracle Myrick—expressly acknowledges that calibration was not completed yet demands immediate payment as if the task had been finalized. This written admission constitutes direct evidence of knowing misrepresentation and commercial deceit.**

**11.   Such conduct constitutes an unfair and deceptive act or practice in commerce within the meaning of the Federal Trade Commission Act, the Dodd-Frank Consumer Financial Protection Act, and the Georgia Fair Business Practices Act.**

**12.   Defendants' misrepresentation regarding calibration, combined with their threats of criminal enforcement to compel payment, violates the federal prohibition against "abusive or deceptive acts or practices" under 12 U.S.C. § 5531(d).**

**13.   Plaintiff, as a consumer and insured vehicle owner, has standing to recover statutory damages, treble damages under O.C.G.A. § 10-1-399(c), and such equitable relief as this Honorable Court deems just and proper.**

**COUNT IV – RETALIATION AGAINST A PROTECTED STATE COMPLAINANT**

*(O.C.G.A. § 16-10-97; First Amendment; 42 U.S.C. § 1983)*

14.   On **August 12 2025**, Plaintiff filed a verified consumer-protection complaint with the **Georgia Attorney General's Consumer Protection Division** (Record ID #426901), an act of petitioning government protected by the **First Amendment** and **O.C.G.A. § 16-10-97**.

15. Within twenty-nine days, the same business caused Officer Thomas to swear out a criminal warrant on the same facts, solely to punish and deter Plaintiff's protected filing.

16. Such conduct constitutes retaliation under color of law and abridgement of the right "to petition the Government for a redress of grievances." U.S. Const. amend. I.

17. Each Defendant who participated—corporate or governmental—is liable for compensatory and punitive damages and subject to injunctive relief enjoining further retaliation.

## COUNT V – MALICIOUS PROSECUTION AND VIOLATION OF DUE PROCESS

*(O.C.G.A. § 51-7-40; Fifth and Fourteenth Amendments; 42 U.S.C. § 1983)*

18. Defendants, without probable cause and with actual malice, procured the issuance of a criminal warrant falsely alleging "theft of services."

19. The affidavit supporting that warrant was unsworn, uninvestigated, and founded upon demonstrably false assertions of nonpayment, thereby violating **O.C.G.A. § 17-4-40(a)** and the **Fourth Amendment's** probable-cause requirement.

20. By initiating and perpetuating a prosecution known to be baseless, Defendants deprived Plaintiff of liberty and reputation without due process of law.

21. The elements of malicious prosecution—malice, want of probable cause, and termination in favor of the accused—are fully met; the proceeding's dismissal with prejudice will complete the tort.

22. Plaintiff seeks compensatory damages, punitive damages for wanton disregard of rights, and declaratory relief affirming that the warrant was void *ab initio*.

## COUNT VI – FEDERAL CIVIL RIGHTS VIOLATIONS UNDER COLOR OF LAW

*(42 U.S.C. §§ 1983 and 1985(3); U.S. Const. amends. IV, V, XIV)*

23. Officer Thomas, acting under color of state law and in concert with private actors, deprived Plaintiff of rights secured by the Constitution and laws of the United States, including freedom from unreasonable seizure, the right to due process, and equal protection of the laws.

24. AGN Glass, Driven Brands, and Myrick conspired with a state actor to misuse police authority for private gain, constituting a conspiracy to interfere with civil rights under **42 U.S.C. § 1985(3)**.

25. The City of Snellville maintained policies or customs exhibiting deliberate indifference to such constitutional violations, rendering it liable under **Monell v. Department of Social Services, 436 U.S. 658 (1978)**.

26.   Plaintiff seeks declaratory judgment that the Defendants' actions violated federal law, compensatory and punitive damages, and attorney-fee parity under **§ 1988(b)**.

## VI. PRAYER FOR RELIEF

WHEREFORE, having fully stated his claims and demonstrated by incontrovertible evidence that Defendants acted in concert to deprive him of liberty, reputation, and constitutional rights under color of law and commercial coercion, **Plaintiff Washington Y. K. J. Windsor**, appearing *sui juris*, respectfully prays that this Honorable Court enter judgment in his favor and against all Defendants, jointly and severally, and award the following relief:

1.   **Declaratory Relief.**

A declaration that the acts of Defendants—comprising unauthorized service, overbilling, false reporting, unlawful detention, retaliatory warrant procurement, and misuse of criminal process—constitute violations of the Fourth, Fifth, and Fourteenth Amendments; of 42 U.S.C. §§ 1983 and 1985; and of Georgia statutes including O.C.G.A. §§ 16-5-41, 16-8-16, 16-10-20, 51-7-40, and 51-7-80.

2.   **Injunctive and Equitable Relief.**

An injunction restraining Defendants, their officers, employees, and agents from engaging in any further acts of retaliation, harassment, or misuse of governmental process, and ordering the expungement of all criminal or administrative records derived from the September 10 2025 warrant or any derivative proceeding.

3.   **Compensatory Damages.**

An award of compensatory damages in an amount to be determined at trial for Plaintiff's loss of liberty, emotional distress, reputational injury, academic and professional harm, and economic losses proximately caused by Defendants' acts.

4.    **Punitive Damages.**

An award of punitive damages sufficient to punish and deter similar conduct, as authorized under 42 U.S.C. § 1983 and Georgia common law, for Defendants' willful, wanton, and malicious disregard of constitutional and statutory rights.

5.    **Statutory and Treble Damages.**

Treble damages under the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-399(c), and any additional statutory penalties provided by the Federal Trade Commission Act, 15 U.S.C. § 45(a), and the Dodd-Frank Consumer Financial Protection Act, 12 U.S.C. §§ 5531–5538.

6.    **Attorney-Fee Parity and Costs.**

An award of litigation expenses, expert fees, and attorney-fee parity under 42 U.S.C. § 1988(b), notwithstanding Plaintiff's *pro se* status, to ensure equity of remedy for prevailing constitutional claims.

7.    **Referral and Oversight.**

That certified copies of the Court's findings be transmitted to the **Georgia Attorney General**, the **Consumer Financial Protection Bureau**, the **Federal Trade Commission**, and the **U.S. Department of Justice**, for such further investigation and enforcement as those agencies may deem warranted under federal and state law.

8.    **Restoration of Reputation.**

An order authorizing issuance of a **Certificate of Exoneration and Restoration**, attesting that Plaintiff was wrongfully accused and fully vindicated, and permitting public release of such certificate to restore his professional standing and good name.

9.      **Such Other Relief as Justice Requires.**

Any further relief, equitable or legal, general or special, that this Honorable Court deems just and proper to redress the harms described herein and to vindicate the constitutional promise that no citizen shall be criminalized for asserting a lawful right.

## VII. DAMAGES AND RELIEF SOUGHT

Plaintiff **Washington Y. K. J. Windsor** respectfully seeks judgment, jointly and severally, against all Defendants in an amount to be proven at trial, but **not less than Twelve Million Dollars ($12,000,000)**, representing compensatory, consequential, and punitive damages commensurate with the gravity of the violations and the magnitude of harm sustained.

This demand reflects not speculation, but the measured valuation of cumulative injury to liberty, reputation, livelihood, and constitutional security inflicted through coordinated abuse of public authority and private power.

1. **Compensatory and Consequential Damages** — for the deprivation of liberty, violation of due process, and injury to personal and professional reputation arising from false criminal accusations, unlawful restraint, and retaliatory prosecution;

2. **Economic and Institutional Losses** — including disruption of ongoing doctoral research, professional commitments, and federally regulated education benefits; consequential hardship arising from the misuse of criminal process and the interference with federally protected rights;

3. **Punitive and Exemplary Damages** — to punish and deter the deliberate exploitation of judicial and law-enforcement mechanisms for private enrichment or retaliation, and to vindicate the public interest in honest governance; and

4. **Attorney's Fees, Costs, and Prejudgment Interest** — pursuant to 42 U.S.C. § 1988(b), O.C.G.A. § 13-6-11, and the inherent equitable powers of this Court, to ensure that full redress extends to every form of loss suffered and to discourage future misconduct of similar character.

Plaintiff further requests that this Court **formally designate the action as one of substantial public importance** within the meaning of 28 U.S.C. § 2412(d)(2)(B), recognizing that it implicates the integrity of consumer protection, veterans' rights, and constitutional due process. Such recognition will affirm the broader institutional value of

protecting citizens who invoke lawful administrative remedies from the retaliatory misuse of criminal authority.

## VIII. DEMAND FOR JURY TRIAL

Pursuant to **Rule 38(b)** of the **Federal Rules of Civil Procedure**, Plaintiff hereby demands a trial by jury on all issues so triable.

Plaintiff invokes the ancient right preserved in the **Seventh Amendment** as the ultimate safeguard of liberty against arbitrary power, trusting that a jury of his peers will vindicate the rule of law where administrative and commercial systems have failed.

**Respectfully submitted this 10th day of October 2025.**

/s/ **Washington Y. K. J. Windsor**

Washington Y. K. J. Windsor, Sui Juris

Doctoral Candidate, Ph.D. in Criminal Justice

Helms School of Government, Liberty University

Graduate, Sandra Day O'Connor College of Law (Washington D.C. Campus)

Ambassador for Peace (UN ECOSOC/UPF)

2133 Lawrenceville-Suwanee Rd., Ste. 12-107

Suwanee, Georgia 30024

Email: ICC@sandraoconnerlawschool.education

Phone: 202-701-5504

# EXHIBITS

**Exhibit I** -- Vehicle Safety Diagnostics (Post-Service Malfunction Readout)

A contemporaneous electronic diagnostic record generated immediately following the unauthorized windshield replacement performed by Auto Glass Now #331.

The readout documents persistent *Lane Departure Alert Malfunction* and *Pre-Collision System Malfunction* warnings—confirming that Advanced Driver Assistance System (ADAS) calibration, a safety-critical procedure mandated under 49 U.S.C. § 30118, was never performed.

This record constitutes direct technical evidence of incomplete service and refutes any representation of full performance or final acceptance.


**Exhibit 2** – GEICO Glass Claims

Official insurer correspondence and internal claim notation establishing that GEICO pre-approved payment for the covered portion of the windshield replacement and recognized the $100 deductible already tendered by Plaintiff.

It further demonstrates that Defendants possessed full knowledge of this pre-approval at the time they threatened "law-enforcement escalation."


**Exhibit 3** – Email from Store Manager Miracle Myrick (August 12 2025)

An email authored and transmitted by Auto Glass Now #331 Manager Miracle Myrick to Plaintiff and GEICO Glass Claims.

In this correspondence, Myrick concedes that calibration had not yet been performed while simultaneously demanding immediate payment of the full invoice and threatening to "escalate through law enforcement" if payment were not received within three days.

This document constitutes written admission of (1) incomplete service, (2) commercial misrepresentation, and (3) extortionate intent to employ criminal process for private debt collection—satisfying the elements of O.C.G.A. §§ 16-8-3, 16-8-16, and 51-7-80.

*Washington Wooldson*

# Exhibit I





# Exhibit 2

Your claim has been selected for a pre-approval review. A representative will contact you within the next business day to set an appointment at your home or place of business to inspect the glass damage you reported for your insurance claim. After you meet with the inspection representative, you will receive further help in getting the damage scheduled for repair/replacement or be transferred to a GEICO counselor for further assistance.

**Claim Number**

8864767940000001

**Glass Deductible**

$100.00

If you have further questions, please **contact u**

RETURN TO CLAIM

Site Feedback

**LOG OFF**



# Exhibit 3



Despite being informed of these issues and the role they played in the denied claim, Mr. Windsor insisted on paying only what **he** felt was owed, not the full amount due per the service and insurance terms. As a result, GEICO has deemed him fully responsible for the cost of the service.

We are willing to complete the calibration once full payment for the glass installation is received. If Mr. Windsor is unwilling to make payment, we will have no choice but to either:

1. Remove and reclaim our property (the installed glass), or

2. Escalate this matter through appropriate legal channels, including law enforcement if necessary.

We hope to resolve this matter amicably and promptly.

Reply All

Best Regards,

Please sign in to your
ftca@sandraoconnerlawschool.educa...    Sign in

Store Manager, 221

Mail    Calendar    Copilot    Apps



**Re: Attached files(Exhibit 1 and Exhibit 2) Re: Unauthorized Service, False Imprisonment, Defamation, Harassment, Coercion, and Property Damage — Cease and Desist / Preservation of Rights**

▱ Inbox

 **Miracle Myrick**
miracle.myrick@drivenbrandsshop.com                                    ...

To: **GEICO Glass Claims** glassclaims@geicomail.com
**You** icc@sandraoconnerlawschool.education

Cc: **helpfbitocombatdiscrimination@gmail.com**
**You** icc@sandraoconnerlawschool.education
**wwindsor@asu.edu**
**Federal Tort Claims Act** ftca@sandraoconnerlawschool.education
Tuesday, August 12, 1:17 PM

☺

**Outstanding Payment for Glass Services – Washington Windsor**

To Whom It May Concern,

We are writing to inform you that your insured, Mr. Washington Windsor, is refusing to pay for services rendered by our glass company despite our efforts to resolve the situation in cooperation with GEICO.

A GEICO representative confirmed that had Mr. Windsor allowed our technicians the appropriate time and access (including keys), the calibration would have been approved and covered under his insurance policy. Unfortunately, Mr. Windsor:

 ↰ ⌄ Reply All                          

- Refused to remain seated in our office while service was in progress,

- Interfered with the calibration process by walking in front of the ADAS equipment, causing the calibration to fail.



A GEICO representative confirmed that had Mr. Windsor allowed our technicians the appropriate time and access (including keys), the calibration would have been approved and covered under his insurance policy. Unfortunately, Mr. Windsor:

- Refused to provide the key necessary for proper calibration,

- Refused to remain seated in our office while service was in progress,

- Interfered with the calibration process by walking in front of the ADAS equipment, causing the calibration to fail.

Despite being informed of these issues and the role they played in the denied claim, Mr. Windsor insisted on paying only what **he** felt was owed, not the full amount due per the service and insurance terms. As a result, GEICO has deemed him fully responsible for the cost of the service.

We are willing to complete the calibration once full payment for the glass installation is received. If Mr. Windsor is unwilling to make payment, we will have no choice but to either:

1. Remove and reclaim our property (the installed glass), or

2. Escalate this matter through appropriate legal channels, including law enforcement if necessary.

We hope to resolve this matter amicably and promptly.


*Best Regards,*



Auto Glass Now-Snellville
2564 Main Street West
Snellville, GA 30078



4. Take enforcement measures as warranted, including referral for license review or revocation.

I can provide all supporting communications, my formal notice, and photographic evidence of the unsafe vehicle condition post-service. Thank you for protecting Georgia consumers from coercive, unlawful business practices.

AG case #426901 (record)

Respectfully,

/s/
Washington Windsor

**Upload Supporting Documents**

- **On be half of Veteran Washington Windsor.pdf**
**(/system/files/webform/consumer_compl aint_form/426901/On%20be%20half%20of %20%C2%A0Veteran%20Washington%20 Windsor.pdf)**
- **Exhibit 2.JPG**
**(/system/files/webform/consumer_compl aint_form/426901/Exhibit%202.JPG)**
- **Exhibit 1.JPG**
**(/system/files/webform/consumer_compl aint_form/426901/Exhibit%201.JPG)**